# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:03-cr-00044-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>O R D E R</u> |
| | ) | |
| TODD WILSON SHORT, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Clarification and/or Approval [Doc. 70], which the Court construes as a motion for modification of the conditions of supervised release.

The Defendant was charged with multiple counts of wire fraud and mail fraud arising from his fraudulent scheme to obtain money by false pretenses, specifically by purporting to offer products for sale over the internet. [Indictment, Doc. 7]. The Defendant pleaded guilty to one count of wire fraud and one count of mail fraud and was sentenced to 120 months' imprisonment and a term of five years' supervised release. [Judgment, Doc. 51]. He was further ordered to pay over $1.8 million to his victims. [Id.].

The Defendant now returns to this Court seeking permission to seek private donations through a "Go Fund Me" website in order to finance his ongoing civil litigation. [Doc. 70]. The Defendant states that he does not believe that his proposal runs afoul of the conditions of his supervised release, but that his supervising probation officer requested that the Defendant seek clarification and/or approval from the Court on the issue. [Id.].

The Defendant's offenses of conviction involved using the internet to obtain money by false pretenses. Consequently, under his conditions of supervision, the Defendant is "prohibited from engaging in any occupation, business or profession requiring the handling of monetary instruments." [Judgment, Doc. 51 at 3]. The Defendant now proposes to use the internet to solicit funds for his personal benefit. While the Defendant insists that any funds received from this online solicitation would be placed in the control of a third party, the Defendant admittedly would still control how such funds would be used. [See Doc. 70 at 1-2 (stating that the Defendant "indirectly" wishes to raise funds to "cover reimbursements and retain counsel in the civil action"). The Court cannot permit the Defendant to do indirectly what he is prohibited from doing directly.

Upon consideration of the relevant § 3553 factors, the Court declines to modify the Defendant's conditions of supervision so as to allow the Defendant to solicit funds through the internet.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Clarification and/or Approval [Doc. 70], which the Court construes as a motion for modification of the conditions of supervised release, is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge